IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREW GRAY                                                          PLAINTIFF

v.                          No. 3:18-cv-135-DPM

CAVENAUGH LINCOLN-MERCURY,
INC., an Arkansas Corporation;
CAVENAUGH FORD LINCOLN,
LLC, an Arkansas Limited Liability
Company; CAVENAUGH FORD
CO., an Arkansas Company; FORD
MOTOR COMPANY, a Delaware
Company; FORD MOTOR CREDIT
COMPANY, a Delaware Company;
and GS ADMINISTRATORS, INC.,
a Texas Corporation                                                  DEFENDANTS

ORDER

The used F150 Ford pick-up that Gray bought had a bad engine. Two replacement engines, many months, and a new Chevy pick-up later, he has sued the Ford dealer, Ford, and the extended warranty company. The Court raised a jurisdictional concern, and the parties filed helpful responding briefs. No one asserts diversity jurisdiction. Gray invokes the Magneson-Moss Act. The other parties say his claim doesn't cross the $50,000 jurisdictional line. 15 U.S.C. § 2310(d)(3)(B). Some common ground: all parties focus on potential damages flowing only from his federal-law claim. Though the statute could bear a

broader reading, the cases support the parties' narrower one. *E.g., Schimmer v. Jaguar Cars, Inc.*, 834 F.3d 402, 406 (7th Cir. 2004).

Here's what Gray says he's been out of pocket:

$11,988 – Cash and trade-in to dealer
$2,195 – service contract
$114* – second dealer inspection
$224 – insuring second vehicle
$1,110 – new hitch and tow hook
$75 – filing and process server fees
$5,000 – lost work time dealing with all this
$5,000 – pre-filing attorney's fees
$400 – filing fee
$26,106 – total

The Court gathered these numbers from the original complaint, the filings about jurisdiction, and Gray's proposed amended complaint, which responds to the warranty company's motion to dismiss and the Court's jurisdictional inquiry. Attorney's fees incurred in this litigation, the cases say, are excluded from the jurisdictional inquiry. 15 U.S.C. § 2310(d)(3)(B); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984). So are costs, such as the fee for filing this case. There's no allegation that Gray has incurred other damages, for example, by

---

* Rounded to the nearest dollar.

making payments to Ford Motor Credit. Taking all the damage facts alleged in Gray's favor, including that the pre-suit lawyer's fees incurred were unrelated to drafting the complaint filed here, and backing out the filing fee, Gray has been damaged in the amount of $25,706.

That's about half the $50,000 jurisdictional minimum. How to close the gap? In his proposed amended complaint, Gray seeks $100,000 in punitive damages from the dealer defendants, plus another $100,000 from the Ford defendants. He alleges particulars about various misrepresentations to support these awards. Gray's numbers are hyperbolic, but Arkansas law allows punitives in this sort of contract case on adequate proof of deception. *Thomas Auto Co., Inc. v. Croft*, 297 Ark. 492, 498–99, 763 S.W.2d 651, 654–55 (1989); *Wheeler Motor Company, Inc. v. Roth*, 315 Ark. 318, 327–28, 867 S.W.2d 446, 450–51 (1993).

\* \* \*

The Court has subject matter jurisdiction. Gray's motion to amend, № 19, is granted. Amended complaint due by 21 November 2018. The motion to dismiss, № 5, is denied without prejudice as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 November 2018